IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Julius Wayne Baker, | ) | |
| | ) | Civil Case No. 9:20-3383-HMH-MHC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Bryan K. Dobbs, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Julius Wayne Baker ("Baker"), a pro se federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation filed on March 24, 2021, Magistrate Judge Cherry recommends denying Baker's motion for a class action and dismissing the petition without prejudice and without requiring Respondent to file a return.

Baker did not file objections to the Report and Recommendation by the filing deadline. After receiving no objections, the court adopted the Report and Recommendation, denied Baker's motion for a class action, and dismissed the petition without prejudice and without requiring Respondent to file a return in an order dated April 14, 2021. (Order, ECF No. 32.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

On April 14, 2021,[2] Baker filed an untimely motion for an extension of time to file objections to the Report and Recommendation. (Mot. for Ext., ECF No. 35.) Out of an abundance of caution and in light of the mail delays due to COVID-19, the court considered Baker's motion as timely. The court granted Baker's motion for an extension of time as well as a second motion for an extension of time filed on May 10, 2021.[3] (Orders, ECF Nos. 36 & 40.) Baker filed objections to the Report and Recommendation on May 24, 2021.[4] (Objs., ECF No. 42.)

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Baker's objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. Accordingly, after review, the court adopts Magistrate Judge Cherry's Report and Recommendation and incorporates it herein by reference.

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

[3] Id.

[4] Id.

It is therefore

**ORDERED** that the court's order dated April 14, 2021, docket number 32, is vacated. It is further

**ORDERED** that Baker's motion for a class action, docket number 17, is denied and the petition, docket number 1, is dismissed without prejudice and without requiring Respondent to file a return. It is further

**ORDERED** that a certificate of appealability is denied because Baker has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[5]

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 10, 2021

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[5] District courts must issue certificates of appealability when entering "a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. These rules may be applied to other types of habeas corpus petitions. Rule 1(b), Rules Governing § 2254 Cases.

3